UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CREATIVE DIRECTION CONSTRUCTION &
DESIGN, LLC,

                Plaintiff,                              **ANSWER**

      - against -                              Docket No.: 25-cv-179 (FJS/DJS)

HARCO NATIONAL INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------X

      Defendant **HARCO NATIONAL INSURANCE COMPANY** ("Harco"), as and for its Answer to the Amended Complaint, alleges as follows:

### ANSWERING "NATURE OF THE CASE"

      1.     Harco admits the allegations contained in paragraph 1, upon information and belief.

      2.     Harco denies the allegations contained in paragraph 2 except it admits that, as surety, it executed Labor and Material Payment Bond No. BOHNSU 0836336 (the "Bond") on behalf of Empire Core Group, LLC ("Empire Core"), as principal, in favor of the New York State Olympic Regional Development Authority ("ORDA"), as obligee, in the penal sum of $21,714,500.00, in connection with a contract between Empire Core and ORDA for a construction project identified in the Bond as "BEL.23.015.100 Belleayre Ski Center DSC and OL - General Trades Contract" (the "Project").

3. Harco denies the allegations contained in paragraph 3 and begs leave to refer to the Bond for its terms and conditions, which speak for themselves.

4. Harco neither admits nor denies the allegations contained in paragraph 4.

### ANSWERING "PARTIES, JURISDICTION AND VENUE"

5. Harco denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Harco denies the allegations contained in paragraph 6 except it admits that it is a corporation organized and existing pursuant to the laws of the State of Illinois with its principal place of business in Raleigh, North Carolina, and is authorized to transact business as a surety in the State of New York.

7. Harco admits the allegations contained in paragraph 7.

8. Harco admits the allegations contained in paragraph 8, upon information and belief.

9. In response to paragraph 9, Harco admits that venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2).

10. Harco admits the allegations contained in paragraph 10.

### ANSWERING "COUNT ONE"

11. Harco repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

12. Harco denies the allegations contained in paragraph 12 except it admits that Empire Core and ORDA entered into a contract relative to the Project and begs

2

leave to refer to this contract for its terms and conditions (which speak for themselves).

13. Harco denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Harco denies the allegations contained in paragraph 14 except it admits that, as surety, it executed the Bond and begs leave to refer to the Bond for its terms and conditions (which speak for themselves).

15. Harco denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Harco denies the allegations contained in paragraph 16, upon information and belief.

17. Harco denies the allegations contained in paragraph 17 and begs leave to refer all questions of law to the Court.

18. Harco denies the allegations contained in paragraph 18 except it admits that it has not issued any payment to Plaintiff and that it received certain correspondence and documentation from Plaintiff, and begs leave to refer thereto for their contents (which speak for themselves).

19. Harco denies the allegations contained in paragraph 19.

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Harco, as surety, adopts any and all defenses that its principal, Empire Core, may have to Plaintiff's claim.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred to the extent Plaintiff failed to mitigate its damages.

**FOURTH AFFIRMATIVE DEFENSE**

Harco's liability (if any) to Plaintiff cannot exceed the liability of its principal, Empire Core, to Plaintiff (if any).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred to the extent that it seeks to recover amounts not covered by the Bond.

**SIXTH AFFIRMATIVE DEFENSE**

Harco's liability under the Bond is limited to, and cannot exceed, the Bond's penal sum less payments previously made thereunder.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff is not entitled to payment because it materially breached its contract with Empire Core.

**EIGHTH AFFIRMATIVE DEFENSE AND FIRST SETOFF**

Upon information and belief, Plaintiff's work was performed defectively and/or improperly and will require remediation, reducing the amount (if any) due to Plaintiff.

4

**WHEREFORE,** Harco requests judgment dismissing the Amended Complaint and awarding it costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated: March 19, 2025

                                             **CHIESA SHAHINIAN & GIANTOMASI PC**
                                             Attorneys for Defendant
                                             *Harco National Insurance Company*

                                             By:     */s Adam P. Friedman*
                                                           Adam P. Friedman

                                             Bar Roll No.: 510050
                                             11 Times Square, 34th Floor
                                             New York, New York 10036
                                             (212) 973-0572
                                             afriedman@csglaw.com