UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC,

Plaintiff,

- against -

HARCO NATIONAL INSURANCE COMPANY,

Defendant.
-----------------------------------------------------------X

**CERTIFICATION**

Docket No.: 25-cv-179 (FJS/DJS)

**ADAM P. FRIEDMAN,** a resident of the United States, certifies as follows:

1. I am a member of Chiesa Shahinian & Giantomasi PC, attorneys for the defendant, Harco National Insurance Company. I am fully and personally familiar with the matters set forth below. I submit this Certification in opposition to Plaintiff's motion for summary judgment.

2. Plaintiff commenced this action by filing a Complaint on February 7, 2025 (ECF Doc. No. 1).

3. Plaintiff filed an Amended Complaint on February 13, 2025 (ECF Doc. No. 5).

4. Harco served and filed its Answer on March 19, 2025 (ECF Doc. No. 8).

5. By Order filed on February 10, 2025 (ECF Doc. No. 3), the Court scheduled an initial conference for May 12, 2025.

6. On March 24, 2025, Plaintiff served a document demand (Exhibit A) and a set of interrogatories upon Harco, along with Plaintiff's initial disclosures (Exhibit B).

7. On April 17, 2025, Plaintiff filed a Notice of Motion for summary judgment (ECF Doc. No. 10) and supporting documents.

8. As of April 17, 2025, Harco had not served any discovery demands upon Plaintiff, as Rule 26(d) bars the service of discovery demands before the parties confer pursuant to Rule 26(f).

9. The parties had not conferred pursuant to Rule 26(f) as of April 17, 2025.

10. In light of Plaintiff's filing of a motion for summary judgment, by Text Order dated May 5, 2025 (ECF Doc. No. 14), the Court adjourned the Initial Conference *sine die*.

11. Attached as Exhibit C is a copy of an article from The Journal News dated August 15, 2019.

12. Attached as Exhibit D is a copy of an article from The Journal News dated August 5, 2020.

13. Harco requires the following documentation and information to respond to Plaintiff's summary judgment motion. All such documentation and information would be sought via document demands and interrogatories to Plaintiff, subpoenas duces tecum to Empire Core and ORDA, and depositions:

a. Harco requires discovery of the extent to which ORDA accepted (or has not accepted) Plaintiff's work, the extent to which ORDA found Plaintiff's work to be defective or otherwise not acceptable, and the damage resulting therefrom. Plaintiff would not be entitled to payment for work that is defective, not in accordance with the plans and specifications, or otherwise not accepted by ORDA, creating a

material factual issue as to the amount to which Plaintiff may recover from the Payment Bond, if anything.

b. Harco requires discovery of the extent to which Plaintiff delayed the work and the damage resulting therefrom. As with defective work, to the extent Plaintiff was responsible for delays to the work that caused damage, such damage would reduce the amount due to Plaintiff for work performed, if anything, creating a material factual issue.

c. Harco requires discovery of the reasons that ORDA reduced Empire Core's payment requisition(s) and whether such reductions pertained to work performed by Plaintiff. ORDA's refusal to pay Empire Core for work performed by Plaintiff raises a material factual issue as to whether Plaintiff is entitled to payment for such work.

d. Harco requires discovery of the legitimacy and propriety of Plaintiff's claim, the accuracy of the timesheets upon which Plaintiff relies, the circumstances that caused Plaintiff to write the letter attached as Exhibit 6 to the Wallace Affidavit (ECF Doc. No. 10-9), the documentation that supports Plaintiff's effusive praise for Plaintiff's performance, the reason(s) Plaintiff has not paid Plaintiff, and Empire Core's involvement with this suit, either directly or through Wilson & Chan. Documentation or information indicating that Plaintiff did not perform the work that is the subject of its claim or that it's claim otherwise is inaccurate – especially if intentionally so – would raise a material factual issue as to whether Plaintiff is entitled to recover from the Payment Bond.

14. Attached as Exhibit E is the Verified Answer that appears on the docket available on-line in the action captioned *Foretrust Funding LLC v. Empire Core Group, LLC and Florim Lajqi,* Supreme Court of the State of New York, County of Kings, Index No.: 513377/2025, filed on behalf of Empire Core and its co-defendant on May 12, 2025. According to the on-line docket, this action is pending.

15. Attached as Exhibit F is an e-mail exchange between an attorney from Wilson & Chan and the undersigned in connection with an action that Harco commenced against Empire Core, as reflected in the subject line of the e-mail, in which counsel advises that she will be representing the defendants in the action (which include Empire Core). This action is pending.

16. Attached as Exhibit G is a copy of the Summons and Complaint that appears on the docket available on-line in the action captioned *Creative Direction Construction & Design, LLC v. Westchester Fire Insurance Co., et al.,* Supreme Court of the State of New York, County of New York, Index No.: 653820/2020, filed on behalf of Plaintiff on August 14, 2020.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct. Executed on May 22, 2025.

*/s Adam P. Friedman*
Adam P. Friedman