UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC,

Plaintiff,

-against-

HARCO NATIONAL INSURANCE COMPANY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIVIL ACTION NO.
1:25-cv-00179-FJS-DJS

**PLAINTIFF'S FIRST REQUEST TO DEFENDANT FOR PRODUCTION OF DOCUMENTS**

COUNSELOR:

**PLEASE TAKE NOTICE** that pursuant to Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE (FRCP), Plaintiff Creative Directions Construction & Design, LLC ("**CDCD**" or "**Plaintiff**") requests that Defendant Harco National Insurance Company ("**Harco**" or "**Defendant**") produce for inspection and copying, at the law offices of Wilson & Chan, LLP, 733 Third Avenue, 16th Floor, New York, New York 10017, within thirty (30) days after service of this notice, all documents which are responsive to the requests contained in the numbered paragraphs below.

**PLEASE TAKE FURTHER NOTICE** that if any of the records requested herein are electronically filed, stored or recorded, Plaintiff requests production of the program and data bases used to effect the storage of said records or files.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff considers this a continuing demand and hereby demands that you supplement your responses to these demands as additional documents and/or information becomes available.

**PLEASE TAKE FURTHER NOTICE**, documents not produced because of any claim of privilege or otherwise must be listed by date, number of pages, document type, author,

addresses, recipients, custodian, subject matter and basis for privilege or other reason for non-production (along with any identifying information such as Bates numbers).

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the term "documents" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, certificates, drawings, plans, interoffice and intraoffice communications, or offers, notations in any form made of conversations, telephone calls, meetings or other communications, bulletins, printed matter (including newspapers, magazines and other publications, and articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, electronic mail, invoices, ledgers, worksheets (and all drafts, alterations, modifications, changes and amendments), graphic or aural records or representations of any kind (including without limitation photographs, charts, graphs, and microfiche, microfilm, videotape, or film recordings) and electronic, mechanical or electrical records or representations of any kind (including without limitation computer files, tapes, cassettes, discs, recordings, or transcriptions thereof).

2. The term "all documents" means every document, as defined in paragraph 1, above, which can be located, discovered or obtained by reasonably diligent efforts, including without limitation all documents possessed by: (a) You or Your counsel; or (b) any other person or entity from whom You can obtain such documents by request or which You have a legal right to bring within Your possession by demand.

3. If any request for document is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, provide the following information:

   (a) the reason for withholding the document;
   (b) a statement of the basis for the claim of privilege, work product or other ground of nondisclosure; and
   (c) a brief description of the document, including:
      (i) the date of the document;
      (ii) number of pages, attachments, and appendices;
      (iii) the name of its author, authors or preparers and an identification by employment and title of each such person;
      (iv) the name of each person who was sent, shown or blind or carbon copied the document, or has had access to or custody of the document, together with an identification of each such person;
      (v) the present custodian; and
      (vi) the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

4. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document and provide the following information:

(a) the date or approximate date it was lost, discarded, or destroyed;
(b) the circumstances and manner in which it was lost, discarded or destroyed;
(c) the reason or reasons for disposing of the document (if discarded or destroyed);
(d) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;
(e) the identity of the person(s) who lost, discarded or destroyed the document; and
(f) the identity of all persons having knowledge of the contents thereof.

5. "Person" or "persons" means all natural persons, corporations, partnerships or other business associations, and all other legal entities, including all members, offices, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates, and subsidiaries.

6. Each request for the production of a document shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, Your control. In addition, each request should be considered as including all copies and, to the extent applicable, preliminary drafts, of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto).

7. The term "communications" is used here in the broad sense and includes, but is not limited to, any and all conversations, meetings, discussions and other occasion for verbal exchange, whether in person or by telephone, as well as letters, memoranda, telegrams, cables, and other writings or documents.

8. The term "relating to" (including any variant thereof) includes referring to, alluding, to, responding to, concerning, in connection with, commenting on or in respect of, analyzing, touching upon, and constituting the being, and is not limited to contemporaneous events, actions, communications, or documents.

9. The use of the singular shall include the plural and the use of the plural shall include the singular.

10. The term "third-party" or "third parties" as used herein refers to an individual or entity that is not a party to this action.

11. As used herein, "CDCD" means CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC, including any of its partners, affiliates, parents, members, employees, agents, representatives, attorneys, and other persons acting (or who acted) or purporting to act (or who purported to act) on its behalf.

12. As used herein, "Plaintiff" means CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC, including any of its partners, affiliates, parents, members, employees, agents,

representatives, attorneys, and other persons acting (or who acted) or purporting to act (or who purported to act) on its behalf.

13. As used herein, “Harco” means HARCO NATIONAL INSURANCE COMPANY, including any of its partners, affiliates, parents, members, employees, agents, representatives, attorneys, and other persons acting (or who acted) or purporting to act (or who purported to act) on its behalf.

14. As used herein, “Defendant” means HARCO NATIONAL INSURANCE COMPANY, including any of its partners, affiliates, parents, members, employees, agents, representatives, attorneys, and other persons acting (or who acted) or purporting to act (or who purported to act) on its behalf.

15. As used herein, “Empire Core” means EMPIRE CORE GROUP, LLC, including any of its partners, affiliates, parents, members, employees, agents, representatives, attorneys, and other persons acting (or who acted) or purporting to act (or who purported to act) on its behalf.

16. As used herein, the “Project” means the construction project known as Belleayre Ski Center DSC and OL, located at 181 Galli Curci Road, County of Ulster, State of New York.

17. As used herein, the “Bond” means the Payment Bond No. BOHNSU836336 issued by Harco, as surety, and Empire Core, as principal, guaranteeing jointly and severally, prompt payment of all monies due to all persons furnishing labor and materials used, or reasonably required for use, in connection with the Project.

18. As used herein, “You” or “Your” means the party to which these demands are directed.

19. As used herein, “Complaint” means the complaint filed in this action.

20. As used herein, "Answer” means the answer filed in this action.

**DOCUMENTS DEMAND**

1. All documents relating to any communications between Plaintiff and Defendant relating to the Project and/or the subject matter of this litigation.

2. All documents relating to any communications Defendant and Empire Core relating to the Project and/or the subject matter of this litigation.

3. All documents relating to any communications Defendant and any third-party relating to the Project and/or the subject matter of this litigation.

4. Any agreement(s), including any drafts thereof, between Plaintiff and any third-party in connection with the Project, including any addenda, riders, specifications, plans, modifications or drawings thereto or the work to be performed thereunder.

5. Any agreement(s), including any drafts thereof, between Defendant and any third-party in connection with the Project, including any addenda, riders, specifications, plans, modifications or drawings thereto or the work to be performed thereunder.

6. Any documents concerning Defendant's internal correspondence concerning the Project and/or the subject matter of this litigation.

7. All correspondence between Plaintiff and Defendant concerning the investigation.

8. All documents relating to any material or equipment supplied by Plaintiff in connection with the Project, including, but not limited to any agreements, contracts, purchase orders, change orders, delivery tickets, daily reports, checks, vouchers, journals, ledgers, logs, applications, certifications, certificates, memoranda and correspondence.

9. All documents reflecting payments made by Defendant and/or third parties to Plaintiff for labor and/or materials Plaintiff provided in connection with the Project.

10. All documents reflecting payments made by Defendant, and/or Empire Core to third parties for labor and/or material Plaintiff provided in connection with the Project.

11. All documents concerning Defendant's Affirmative Defenses to Plaintiff's claims for labor and/or materials Plaintiff provided in connection with the Project.

12. All documents constituting or relating to any written oral report prepared by any person who is expected to testify as an expert witness on Defendant's behalf.

13. All documents relating to Plaintiff's performance of work on the Project.

14. All documents relating to any notice and/or communications by Defendant and/or Empire Core to Plaintiff rejecting Plaintiff's work on the Project.

15. All documents relating to any bulletins or modifications to the plans issued for the Project.

16. All documents relating to any inspection, observations, remediation, replacement or repair of the work at the Project.

17. All releases or settlements entered into by Defendant with any person or entity concerning the Project and/or this Litigation.

18. All documents which pertain to or relate to statements made by any party to this litigation concerning the Project.

19. All meeting agendas and minutes of meetings held between Defendant and any other person relating to the Project and/or the subject matter of this litigation.

20. All documents which pertain to or relate to Defendant's accounting of the Project and/or the subject of this litigation.

21. Other than documents produced in response to a previous request, all documents upon which Defendant may rely in support of any allegations or contentions in this matter.

22. Other than documents produced in response to a previous request, all documents which refer or relate in any way to the Project or the subject matter of this litigation.

23. All documents which pertain to the Bond and Bond amounts.

24. All documents which pertain to the calculation and itemization of Bond amounts.

25. All documents which Defendant intends to rely upon at the time of trial, which haven not heretofore been requested.

Plaintiff reserves its rights to demand additional documents upon its receipt of the above demanded documents from Defendant. This Plaintiff's First Request for Production of Documents shall be considered continuing in force and effect pursuant to FRCP Rule 34 and the Case Management Plan.

Dated: Port Washington, New York
March 24, 2025

By: ______________________________
Steven Glassberg, Esq. (SG2480)
*Attorneys for Plaintiff*
**CREATIVE DIRECTION**
**CONSTRUCTION & DESIGN, LLC**
8 Haven Avenue, Suite 215
Port Washington, New York 11050
Tel: (516) 767-6711

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Plaintiff's First Request to Defendant for Production of Documents was served on March 24, 2025 *via email* upon all parties.

By: ______________________________
Steven Glassberg, Esq. (SG2480)

To: Adam P. Friedman, Esq.
Chiesa Shahinian & Giantomasi PC
11 Times Square, 34th Floor
New York, NY 10036
afriedman@csglaw.com