SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC,

Plaintiff,

-against-

WESTCHESTER FIRE INSURANCE COMPANY, NORTHE GROUP, INC., NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, NEW YORK CITY DEPARTMENT OF FINANCE, and CITY OF NEW YORK,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.:

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned to answer the Verified Complaint in this action, and to serve a copy of your Answer or if the Complaint is not served with this Summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty (20) days after the service of this Summons exclusive of the day of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: New York, New York
August 14, 2020

WILSON & CHAN, LLP

By: ______________________________

Henry C. Chan, Esq.
Jeffrey L. Wilson, Esq.
*Attorneys for Plaintiff*
CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC
733 Third Avenue, 16th Floor
New York, New York 10017
Tel: (646) 790-5848

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC,

Plaintiff,

-against-

WESTCHESTER FIRE INSURANCE COMPANY, NORTHE GROUP, INC., NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, NEW YORK CITY DEPARTMENT OF FINANCE, and CITY OF NEW YORK,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC ("CDCD" or "plaintiff"), by and through its attorneys, Wilson & Chan, LLP, and for its Verified Complaint against the defendants, WESTCHESTER FIRE INSURANCE COMPANY ("Westchester Fire"), NORTHE GROUP, INC. ("NorthE"), NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION ("DPR"), NEW YORK CITY DEPARTMENT OF FINANCE ("DOF"), and CITY OF NEW YORK ("NYC") (collectively, the "defendants"), alleges as follows:

**Nature of the Case**

1. This is an action against a payment bond and also to foreclose on a Notice Under Mechanic's Lien Law for Account of Public Improvement in the amount of $153,493.96 filed on or about March 9, 2020 with the New York City Department of Finance ("DOF") and New York City Department of Parks and Recreation ("DPR"). This action is also for damages due it, on account of plaintiff's performance of certain work, labor, services, and providing materials with respect to a public improvement project for which plaintiff has not been paid despite due demand therefor. Plaintiff performed each and every obligation on its part to be performed. Defendants have nonetheless refused to compensate plaintiff for its work, labor, services, and materials.

Thus, plaintiff commenced this action against the bonding company and to foreclose on the notice under mechanic's lien law for account of public improvement filed upon the project.

**The Parties**

2. At all relevant times, plaintiff CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC ("CDCD") was and/or is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York with its place of business located at 29 Linden Avenue, Mount Vernon, New York 10552.

3. At all times relevant hereto, defendant WESTCHESTER FIRE INSURANCE COMPANY is a Pennsylvania corporation, organized and existing under the laws of the State of Pennsylvania and authorized to do business in the State of New York by the New York State Department of Financial Services and is brought into this lawsuit as the surety providing a payment bond (Bond No. K09095378) (the "Bond") on the said public improvement project which is the subject of this lawsuit.

4. That upon information and belief, at all times hereinafter mentioned, defendant NORTHE GROUP, INC. ("NorthE") was and/or is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York with offices located at 60 East 9th Street, #510, New York, New York 10003.

5. That upon information and belief, at all times hereinafter mentioned, defendant NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION ("DPR") was and is still a municipal corporation, duly authorized and existing under and by virtue of the laws of the State of New York, and is the owner of the construction project (the "Project") known as:

| | |
|---|---|
| Project: | Reconstruction of Comfort Station in Bill Brown Memorial Park, Borough of Brooklyn |
| Contract No.: | B109-112M |
| Lien Filed: | March 9, 2020 |
| Lien Amount: | $153,493.96 |

6. That upon information and belief, at all times hereinafter mentioned, defendant NEW YORK CITY DEPARTMENT OF FINANCE (the "DOF") was and is still a municipal corporation, duly authorized and existing under and by virtue of the laws of the State of New York, and is the owner of the construction project (the "Project") known as:

Project: Reconstruction of Comfort Station in Bill Brown Memorial Park, Borough of Brooklyn
Contract No.: B109-112M
Lien Filed: March 9, 2020
Lien Amount: $153,493.96

7. That upon information and belief, at all times hereinafter mentioned, defendant CITY OF NEW YORK ("NYC") was and is still a municipal corporation, duly authorized and existing under and by virtue of the laws of the State of New York, and is the owner of the construction project (the "Project") known as:

Project: Reconstruction of Comfort Station in Bill Brown Memorial Park, Borough of Brooklyn
Contract No.: B109-112M
Lien Filed: March 9, 2020
Lien Amount: $153,493.96

**Jurisdictional Facts**

8. Defendants engaged plaintiff to perform professional construction services and provide materials in the State of New York. Such construction services and materials provided were rendered in the State of New York.

9. Defendants did transact business with plaintiff in the City of New York, State of New York, and State of New York.

10. Pursuant to CPLR § 301, the defendants are registered with the Secretary of State and/or the Department of Financial Services to conduct legal business within the State.

11. Accordingly, the defendants' activities in and availment of the protection of the laws of the State of New York make jurisdiction over the defendants in the State of New York, venue in the County of New York.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Foreclosure of Public Improvement Lien)

12. Plaintiff repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 11 of this Verified Complaint as if set forth fully here.

13. Upon information and belief, defendants the DPR and NorthE entered into a contract in writing for the aforementioned public improvement Project, wherein it was mutually agreed and acknowledged by and between the parties thereto that plaintiff would provide work, labor, services, materials, tools, equipment, and supervision as required to perform the construction work for the project known as Reconstruction of Comfort Station in Bill Brown Memorial Park, Borough of Brooklyn, Contract No. B109-112M (the "Project").

14. Thereafter, on or about February 13, 2017, defendant NorthE contracted in writing with plaintiff to provide work, labor, services, materials, tools, equipment, and supervision, including, but not limited to, masonry and concrete work, among other things, as required to perform the construction work for the Project (the "Subcontract").

15. Thereafter, plaintiff duly provided labor, services, materials, tools, equipment, and supervision as required to perform all construction work as required under the Subcontract, and the same were furnished toward and actually used in the improvement of the Project.

16. That plaintiff duly performed all obligations on its part to be performed within the time required under the Subcontract to the extend not impeded and/or frustrated by NorthE.

17. On or about March 9, 2020, at the time of filing of the Notice Under Mechanic's Lien Law for Account of Public Improvement (the "Lien") by plaintiff, as hereinafter stated, and prior to the commencement of this action, upon information and belief, defendant contractor,

NorthE, became entitled to receive therefor from said defendants, DPR, DOF, and/or NYC, a sum equal to or in excess of the amount of plaintiff's claims and lien, as hereinafter stated, the sum of $153,493.96, which sum or any part thereof, has not been paid; and upon information and belief, there is now actually due to said defendant-contractor, NorthE, from said owner(s), the DPR, the DOF, and/or NYC, an amount equal to or in excess of the sum of $153,493.96.

18. All of said labor, services, materials, tools, equipment, and supervision as required to perform all construction work under the Subcontract were furnished by plaintiff with the knowledge and consent defendant-owners, DPR, DOF, and/or NYC, , and their contractor, NorthE, and in conformity with, and in furtherance of the said contract(s) between NorthE and the DPR.

19. No action or proceeding has been brought at law or otherwise for the recovery of said sum, or any part thereof.

20. On or about March 9, 2020, and within thirty (30) days before the construction of said public improvement was completed and accepted by DPR, plaintiff filed the Lien with the DPR and/or the DOF under said general contracts for said public improvement for the principal and interest of the agreed price for the labor, services, materials, tools, equipment, and supervision as required to perform all construction work furnished by plaintiff as aforesaid upon the monies of the DPR and/or the DOF applicable to the construction of such improvement, to the extent of the amount due, or to become due, under such contract(s), for a total amount of $153,493.96.

21. Said Lien states among other things, the name and business address of the lienor, plaintiff herein; the name of the contractor for whom work, labor, services, materials, tools, equipment, and supervision as required to perform all park reconstruction work were furnished; the amount claimed to be due to the lienor for the labor, services, materials, tools, equipment, and supervision as required to perform all park reconstruction work, so furnished and the date

when said amount became due; a description of the public improvement upon which labor, services, materials, tools, equipment, and supervision as required to perform all construction work were expended; the kind of labor, services, materials, tools, equipment, and supervision as required to perform all construction work; and a general description of the contract pursuant to which said public improvement was constructed.

22. Said Lien was duly verified and complied in all respects with the requirements of the statute in such cases made and provided.

23. In or about March 2020, said Lien was duly entered by the DPR and/or the DOF for that purpose.

24. Said Lien has not been cancelled or otherwise discharged.

25. No prior action has been brought by plaintiff for the foreclosure of said Lien, nor has plaintiff been made a party defendant to any action brought for the foreclosure of another lien or mortgage against said Project or any part thereof.

26. Upon information and belief, no other person or persons have filed any other liens on account of said public improvement upon the monies of the DPR and/or the DOF applicable to the construction of such public improvement, due or to become due under said contract therefor between NorthE and DPR.

27. Plaintiff forecloses on its Lien in the amount of amount of $153,493.96 pursuant to New York Lien Laws.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Against Westchester Fire)

28. Plaintiff repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 27 of this Verified Complaint as if set forth fully here.

29. Upon information and belief, the DPR entered into a written contract with NorthE, whereby NorthE agreed to furnish all of the labor, materials, and equipment required for the improvement of the Project.

30. Upon information and belief, Westchester Fire, as surety, and NorthE, as principal, issued the Bond (No. K09095378), guaranteeing jointly and severally, prompt payment of all monies due to all persons furnishing labor and materials used, or reasonably required for use, in connection with the above-referenced contract between the DPR and NorthE for the Project.

31. Thereafter, on or about February 13, 2017, plaintiff and NorthE entered into a written subcontract (the "Subcontract"), pursuant to which plaintiff agreed to furnish certain labor and materials including, but not limited to, masonry and concrete work, among other things, at the Project, for an agreed price, exclusive of extra and/or additional work.

32. Plaintiff has performed all of its obligations under the terms of the Subcontract to the extent it has not been frustrated and/or impeded by NorthE, and has complied with all of the conditions of the Bond.

33. Plaintiff is currently due $153,493.96, plus interest thereon, for the labor performed, and materials furnished, to NorthE for the Project, no part of which has been paid by NorthE, although demand has been duly made by plaintiff.

34. Plaintiff duly provided notice of claim to Westchester Fire pursuant to the Bond.

35. Westchester Fire and NorthE are jointly and severally liable to plaintiff.

36. Defendant Westchester Fire has failed to make payment, although demand for payment has been duly made by plaintiff.

37. By reason of the above, plaintiff has been damaged, and demands judgment against the defendant, Westchester Fire, in the amount of $153,493.96 together with interest thereon and the costs of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Against Defendant NorthE for Breach of Contract)

38. Plaintiff repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 37 of this Verified Complaint as if set forth fully here.

39. Upon information and belief, on or about March 13, 2017, plaintiff entered into a subcontract with NorthE to perform work, labor, services, and provide materials for the aforementioned Project (the "Subcontract").

40. Plaintiff fully performed its obligations and duties under the Subcontract.

41. NorthE breached the Subcontract by failing to pay the balance of $153,493.96 for work, labor, services, and materials provided by plaintiff for the aforementioned Project.

42. WHEREFORE, plaintiff claims damages on breach of contract cause of action against defendant NorthE for the balance of $153,493.96 for work, labor, services, and materials provided by plaintiff for the Project, no portion of which has been paid although duly demanded.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of Construction Trust Funds against the Defendants)

43. Plaintiff repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 42 of this Verified Complaint as if same were set forth fully here.

44. On or about February 13, 2017, plaintiff entered into written and/or verbal contract(s) with the defendants to perform work, labor, services, and to provide materials for the Project.

45. Plaintiff fully performed all its obligations and duties under the aforementioned contract(s) for the Project.

46. Upon information and belief, the defendants obtained monies and/or financing from entities currently unknown to plaintiff in excess of the monetary amount currently due plaintiff herein, or more specifically, the sum of $153,493.96 for the Project.

47. At all relevant times herein, upon information and belief, the defendants NorthE, and/or the DPR, DOF, and NYC exercised sole control and dominion over the monies of defendant corporations for the Project.

48. A constructive trust was created by statute to the benefit of plaintiff as a contractor under New York Lien Law once said funds were available to defendant NorthE and/or the DPR, DOF, and/or NYC for the Project.

49. Upon information and belief, the defendants NorthE and/or the DPR violated Section 79-a and 3A of the New York Lien Law by misappropriating said funds received which were to be held in trust for the benefit of subcontractors, including plaintiff, improving the property of the Project.

50. Plaintiff demands recovery of the constructive trust in the sum of $153,493.96 against defendants NorthE, and/or the DPR, and punitive damages to be determined at trial for violation of said constructive trust.

WHEREFORE, plaintiff hereby demands judgment:

(a) On the First Cause of Action, that the amount due upon plaintiff's lien and claims for principal and interest be ascertained and adjudged, that the interests of all relevant lienors be determined in the bonds, funds, liens, and trusts, and that the interests of all relevant lienors be determined in the bonds, funds, liens, and trust;

(b) On the Second Cause of Action, judgment against Westchester Fire, in the amount of $153,493.96, together with interest thereon and the costs and disbursement of this action;

(c) On the Third Cause of Action, a judgment against the defendants in an amount to be determined at trial, but estimated to be at least $153,493.96, together with applicable interest and costs;

(d) On the Fourth Cause of Action, a judgment against the defendants in an amount to be determined at trial, but estimated to be at least $153,493.96, together with applicable interest and costs; and

(a) Plus interest, costs, and disbursements in connection with this action.

Dated: New York, New York
August 14, 2020

WILSON & CHAN, LLP

By: ______________________________
Henry C. Chan, Esq.
Jeffrey L. Wilson, Esq.
*Attorneys for Plaintiff*
CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC
733 Third Avenue, 16th Floor
New York, New York 10017
Tel: (646) 790-5848

ATTORNEY VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Henry C. Chan, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following under penalty of perjury.

That I am associated with the law firm of WILSON & CHAN, LLP, attorneys for Plaintiff in the instant action, that I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the content thereof, and that upon information and belief I believe the matters alleged therein to be true.

The reason this Verification is made by deponent and not by Plaintiff is that the Plaintiff resides in a County other than the one in which Plaintiff's attorneys maintains their office.

The source of deponent's information and grounds of my belief are communications, papers, reports, and investigations contained in this file.

Dated: New York, New York
August 14, 2020

Henry Chan, Esq.