UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC,

Plaintiff,

- against -

HARCO NATIONAL INSURANCE COMPANY,

Defendant.

---------------------------------------------------------X

**ORDER**

Docket No.: 25-cv-179 (FJS/DJS)

**WHEREAS,** the defendant, Harco National Insurance Company, filed a Notice of Appeal (ECF No. 24) from the Judgment entered on September 29, 2026 (ECF No. 23), and has submitted a Supersedeas Bond for approval, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure and Local Civil Rules 67.1 and 67.3; and

**WHEREAS,** the Court finds the Supersedeas Bond to be in acceptable form;

**NOW, THEREFORE,** it is on this 27 day of October, 2026,

**ORDERED** that the Supersedeas Bond is approved; and it is further

**ORDERED** that execution on the Judgment and proceedings to enforce it are stayed pending appeal, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure.

Hon. Frederick J. Scullin, Jr.
Senior United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

CREATIVE DIRECTION CONSTRUCTION & DESIGN, LLC,

Plaintiff,

- against -

HARCO NATIONAL INSURANCE COMPANY,

Defendant.

----------------------------------------------------------X

**SUPERSEDEAS BOND**

Docket No.: 25-cv-179 (FJS/DJS)

**Bond No.: 3015861**
**Penal Sum: $1,453,466.15**

KNOW ALL by these presents, that Harco National Insurance Company ("Principal"), as principal, and International Fidelity Insurance Company ("Surety"), a corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business at One Newark Center, Newark, New Jersey, and qualified in accordance with the provisions of 31 U.S.C. §§ 9304-9308 and approved thereunder by the Secretary of the Treasury of the United States, as surety, are held and firmly bound unto Creative Direction Construction & Design, LLC ("Obligee"), in the penal amount of **One Million Four Hundred Fifty-three Thousand Four Hundred Sixty-six and 15/100 Dollars ($1,453,466.15)**, payment of which we bind ourselves and our successors and assigns, up to this amount, as provided herein.

WHEREAS, on September 29, 2026, this Court entered a judgment in this action in favor of Obligee and against Principal in the sum of $1,123,106.53, together with prejudgment interest at a rate of 9% per annum, accruing from November 26, 2024, to the date that judgment is entered (the "Judgment");

WHEREAS, Principal has appealed, or intends to timely appeal, from the Judgment to the United States Court of Appeals for the Second Circuit and furnishes this Bond, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure and Local Civil Rules 67.1(d) and 67.3, to obtain a stay of enforcement of the Judgment pending appeal;

WHEREAS, this Bond secures payment of:

(a) the Judgment, to the extent affirmed, if the Judgment is affirmed in whole or in part, or if the appeal is dismissed or abandoned or Principal fails to timely perfect an appeal;

(b) the Judgment as modified, if modified on appeal; and

(c) all interest, costs, and damages awarded against Principal in connection with the Judgment and appeal;

WHEREAS, pursuant to Local Civil Rule 67.1(d), this Bond is in the amount of the Judgment plus 11% to cover interest and any damage for delay as may be awarded, plus $250 to cover costs;

NOW, THEREFORE, the condition of this obligation is such that, if Principal shall prosecute the appeal to effect and the Judgment (or any part of it) is affirmed, or if the appeal is dismissed or abandoned or Principal fails to timely perfect an appeal, then Principal shall satisfy the Judgment in full, including interest, costs, and damages awarded against Principal in connection with the Judgment and appeal, and if Principal does so, or if the Judgment is reversed, vacated, or otherwise set aside in its entirety, then this obligation shall be null, void, released, and discharged; and if Principal fails to make such payment, in whole or in part, then Surety shall pay the unpaid amount secured by this Bond, up to and not exceeding the penal limit set forth above. **In no event shall the liability of Surety hereunder exceed the penal limit of $1,453,466.15.**

This Bond shall become effective upon the District Court's approval.

Pursuant to Rule 65.1 of the Federal Rules of Civil Procedure and Rule 8(b) of the Federal Rules of Appellate Procedure, Surety submits to the jurisdiction of the United States District Court for the Northern District of New York and irrevocably designates the Clerk of the Court as its agent to receive service of papers affecting Surety's liability hereunder.

Dated: October 20, 2026

Principal: Harco National Insurance Company

By: ______________________
Kyle P. Murphy, Vice President, Claims Counsel

Surety: International Fidelity Insurance Company

By: ______________________
Matthew Kallenberger, Attorney-in-Fact

INTERNATIONAL FIDELITY INSURANCE COMPANY INCORPORATED 1904 NEW JERSEY

# POWER OF ATTORNEY

Bond # 3015861

## HARCO NATIONAL INSURANCE COMPANY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

**Member companies of IAT Insurance Group, Headquartered: 4200 Six Forks Rd, Suite 1400, Raleigh, NC 27609**

**KNOW ALL MEN BY THESE PRESENTS**: That **HARCO NATIONAL INSURANCE COMPANY**, a corporation organized and existing under the laws of the State of Illinois, and **INTERNATIONAL FIDELITY INSURANCE COMPANY**, a corporation organized and existing under the laws of the State of New Jersey, and having their principal offices located respectively in the cities of Rolling Meadows, Illinois and Newark, New Jersey, do hereby constitute and appoint

MATT KALLENBERGER, IRA B. KATZ

Owings Mills, MD

their true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said **HARCO NATIONAL INSURANCE COMPANY** and **INTERNATIONAL FIDELITY INSURANCE COMPANY**, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by their regularly elected officers at their principal offices.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of the By-Laws of **HARCO NATIONAL INSURANCE COMPANY** and **INTERNATIONAL FIDELITY INSURANCE COMPANY** and is granted under and by authority of the following resolution adopted by the Board of Directors of **INTERNATIONAL FIDELITY INSURANCE COMPANY** at a meeting duly held on the 13th day of December, 2018 and by the Board of Directors of **HARCO NATIONAL INSURANCE COMPANY** at a meeting held on the 13th day of December, 2018.

"**RESOLVED**, that (1) the Chief Executive Officer, President, Executive Vice President, Senior Vice President, Vice President, or Secretary of the Corporation shall have the power to appoint, and to revoke the appointments of, Attorneys-in-Fact or agents with power and authority as defined or limited in their respective powers of attorney, and to execute on behalf of the Corporation and affix the Corporation's seal thereto, bonds, undertakings, recognizances, contracts of indemnity and other written obligations in the nature thereof or related thereto; and (2) any such Officers of the Corporation may appoint and revoke the appointments of joint-control custodians, agents for acceptance of process, and Attorneys-in-fact with authority to execute waivers and consents on behalf of the Corporation; and (3) the signature of any such Officer of the Corporation and the Corporation's seal may be affixed by facsimile to any power of attorney or certification given for the execution of any bond, undertaking, recognizance, contract of indemnity or other written obligation in the nature thereof or related thereto, such signature and seals when so used whether heretofore or hereafter, being hereby adopted by the Corporation as the original signature of such officer and the original seal of the Corporation, to be valid and binding upon the Corporation with the same force and effect as though manually affixed."

IN WITNESS WHEREOF, **HARCO NATIONAL INSURANCE COMPANY** and **INTERNATIONAL FIDELITY INSURANCE COMPANY** have each executed and attested these presents on this 31st day of December, 2025

INTERNATIONAL FIDELITY INSURANCE COMPANY CORPORATE SEAL 1904 NEW JERSEY

STATE OF NEW JERSEY
County of Essex

STATE OF ILLINOIS
County of Cook

HARCO NATIONAL INSURANCE COMPANY CORPORATE SEAL 1984 ILLINOIS

Michael F. Zurcher
Executive Vice President, Harco National Insurance Company
and International Fidelity Insurance Company

On this 31st day of December, 2025 , before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said he is the therein described and authorized officer of **HARCO NATIONAL INSURANCE COMPANY** and **INTERNATIONAL FIDELITY INSURANCE COMPANY**; that the seals affixed to said instrument are the Corporate Seals of said Companies; that the said Corporate Seals and his signature were duly affixed by order of the Boards of Directors of said Companies.

CATHY CRUZ NOTARY PUBLIC STATE OF NEW JERSEY

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

Cathy Cruz a Notary Public of New Jersey
My Commission Expires April 16, 2029

## CERTIFICATION

I, the undersigned officer of **HARCO NATIONAL INSURANCE COMPANY** and **INTERNATIONAL FIDELITY INSURANCE COMPANY** do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Sections of the By-Laws of said Companies as set forth in said Power of Attorney, with the originals on file in the home office of said companies, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand on this day, October 20, 2026

B00021

Irene Martins, Assistant Secretary

# INTERNATIONAL FIDELITY INSURANCE COMPANY

ONE NEWARK CENTER, 20TH FLOOR, NEWARK, NEW JERSEY 07102-5207

STATEMENT OF ASSETS, LIABILITIES, SURPLUS AND OTHER FUNDS
AT DECEMBER 31, 2025

## ASSETS

| | |
|---|---|
| Bonds (Amortized Value) | $99,321,826 |
| Stocks (Preferred Stocks) | 2,330,170 |
| Stocks (Common Stocks) | 0 |
| Receivables for securities | 0 |
| Cash, Bank Deposits & Short-Term Investments | 17,986,201 |
| Unpaid Premiums & Assumed Balances | 706,615 |
| Reinsurance Recoverable from Reinsurers | (169,985) |
| Electronic Data Processing Equipment | 0 |
| Investment Income Due and Accrued | 1,085,599 |
| Current Federal & Foreign income Tax Recoverable & Interest thereon | 0 |
| Net Deferred Tax Assets | 0 |
| Receivables from Parent, Subsidiaries & Affiliates | 13,391 |
| Other Assets | 179,293 |
| **TOTAL ASSETS** | $121,453,110 |

## LIABILITIES, SURPLUS & OTHER FUNDS

| | |
|---|---|
| Losses (Reported Losses Net as to Reinsurance Ceded and Incurred But Not Reported Losses) | $1,047,609 |
| Reinsurance Payable on Paid Losses and Loss Adjustment Expenses | (33,868) |
| Loss Adjustment Expenses | 1,066,047 |
| Commissions Payable, Contingent Commissions & Other Similar Charges | 35,590 |
| Other Expenses (Excluding Taxes, Licenses and Fees) | 227,999 |
| Taxes, Licenses & Fees (Excluding Federal Income Tax) | 40,044 |
| Current Federal and Foreign Income Taxes | 16,184 |
| Unearned Premiums | 2,384,668 |
| Dividends Declared & Unpaid: Policyholders & Stockholders | 50,000 |
| Ceded Reinsurance Premiums Payable | 81,411 |
| Funds Held by Company under Reinsurance Treaties | 1,031 |
| Amounts Withheld by Company for Account of Others | 29,080,482 |
| Provision for Reinsurance | 1,963 |
| Payable to Parent, Subsidiaries and Affiliates | 2,263,286 |
| Other Liabilities | 5,811,924 |
| **TOTAL LIABILITIES** | $42,074,370 |
| Common Capital Stock | $3,600,000 |
| Gross Paid-in & Contributed Surplus | 375,000 |
| Surplus Notes | 0 |
| Unassigned Funds (Surplus) | 76,426,951 |
| Less: Treasury Stock at cost (50,682 shares common) | 1,023,210 |
| Surplus as Regards Policyholders | $79,378,741 |
| **TOTAL LIABILITIES, SURPLUS & OTHER FUNDS** | $121,453,110 |

I, John M Mruk, Treasurer of INTERNATIONAL FIDELITY INSURANCE COMPANY, certify that the foregoing is a fair statement of Assets, Liabilities, Surplus and Other Funds of this Company, at the close of business, December 31, 2025 as reflected by its books and records and as reported in its statement on file with the Insurance Department of the State of New Jersey.

INTERNATIONAL FIDELITY INSURANCE CORPORATE SEAL 1904 NEW JERSEY COMPANY

IN TESTIMONY WHEREOF, I have set my hand and affixed the seal of the Company, this 9th day of March, 2026.
**INTERNATIONAL FIDELITY INSURANCE COMPANY**

John M Mruk

**SIGNED AND SWORN to before me on this** 10th **day of** March **, 20**26.

Ryan C Smith

**NOTARY PUBLIC, STATE OF** NC

RYAN C SMITH NOTARY PUBLIC FRANKLIN COUNTY, NC My Commission Expires 12-28-28